UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALDINE ROHRBAUGH, | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:22-078 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | : | |
| | : | |
| Defendant | : | |
| | : | |

# ORDER

Pending before the court in this Social Security appeal is the January 25, 2023, report of Judge Saporito, (Doc. 18), which recommends that the final decision of the Commissioner of Social Security denying Plaintiff Geraldine Rohrbaugh's claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") be affirmed. No objections have been filed by either party to Judge Saporito's report and the time within which they were due has lapsed.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R.

Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D. Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). In any event, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Since the report correctly states the procedural and factual background of this case, it will not be repeated herein. (*See* Doc. 18 at 1–5). In considering the plaintiff's appeal of the Commissioner's decision denying her claim for DIB, Judge Saporito determined that substantial evidence supports the Commissioner's decision. In so finding, Judge Saporito addressed the two grounds asserted by the plaintiff which she says demonstrate the Commissioner's decision is not supported by substantial evidence: (1) the Administrative Law Judge ("ALJ") failed to adequately explain the basis of his residual functional capacity ("RFC") determination; and (2) the ALJ failed to properly consider the plaintiff's subjective allegations regarding her symptoms.

As to the first ground, the plaintiff argued the ALJ failed to explicitly state maximum limits for the amount of standing or walking the plaintiff could do during a typical eight-hour workday. Judge Saporito found "[t]his argument is meritless," because the ALJ did explicitly limit the plaintiff's RFC to performing a limited range of "light work," and the agency's definition of light work provides that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." (Doc. 18 at 6).

As to the second ground, the plaintiff argued that the ALJ erred in considering the plaintiff's activities of daily living and in failing to specifically identify particular evidence to contradict the plaintiff's testimony regarding the frequency and severity of her headaches. To the contrary, Judge Saporito found that the ALJ properly followed the two-step process utilized by ALJ's when evaluating a claimant's subjective allegations of pain or other symptoms. (Doc. 18) (citing Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *2 (revised Oct. 25, 2017)). Judge Saporito found that the ALJ properly considered the plaintiff's activities of daily living when evaluating her symptoms. (*Id.*) (citing *Turby v. Barnhart*, 54 F. App'x 118, 121 n.1 (3d Cir. 2002) ("Although certainly disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity,

it is nonetheless appropriate for the ALJ to consider the number of types of activities in which the claimant engages.") (internal citations omitted)). Finally, Judge Saporito explained the plaintiff's argument that the ALJ failed to specifically identify evidence to contradict her allegations regarding the frequency and severity of her headaches failed because the ALJ did, in fact, cite such evidence, including statements in her medical records over several years to the effect that she was "doing well." (*See* Doc. 18 at 10–11). Given this, and under the deferential standard of review that applies in Social Security disability cases, Judge Saporito determined that the Commissioner's decision denying the plaintiff DIB should be affirmed.

      The court has considered the findings of Judge Saporito's report and finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Saporito to the conclusions in his report. As such, the court will adopt the report and recommendation in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

**(1)**   The report and recommendation of Judge Saporito, (Doc. 18), is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)**   The final decision of the Commissioner of Social Security is **AFFIRMED**.

**(3)**   Plaintiff's appeal, (Doc. 1), is **DENIED**.

**(4)**   The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 20, 2023**
22-078-01